# Exhibit 1

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| | x | |
| CONNIE MCLENNAN, VIRGINIA ZONTOK, CARYL FARRELL, on behalf of themselves and all others similarly situated, | : : : : | |
| Plaintiffs, | : : | Civil Action No. 10 CV 3604 (WJM)(MF) |
| v | : : | |
| LG ELECTRONICS USA, INC. | : : | |
| Defendant. | : | |
| | x | |

## STIPULATION AND AGREEMENT OF COMPROMISE AND SETTLEMENT

This Stipulation and Agreement of Compromise and Settlement (hereinafter the "Settlement Agreement") is made and entered into as of this 8th day of September 2011, by and among the representatives of the "Class," as hereinafter defined, and "LGEUS", as hereinafter defined.

WHEREAS, "LGEUS" means Defendant LG Electronics USA, Inc.;

WHEREAS, the "Class Representatives" are, collectively, Connie McLennan, Virginia Zontok and Caryl Farrell, all of whom allege that they purchased, acquired or otherwise owned a "Refrigerator" (as defined below), and are members of the "Class" (as defined below);

WHEREAS, Class Representatives have commenced the above captioned class action lawsuit against LGEUS in the United States District Court, District of New Jersey, on behalf of themselves and all others similarly situated, seeking economic damages and other relief relating to their purchase of Refrigerators (the "Action"). The Complaint in the Action asserts that the Refrigerators contain a certain defect that causes the interior lights of the Refrigerators to remain

on when the Refrigerator door is closed.  The Complaint in the Action thereupon asserts causes of action for violation of the New Jersey Consumer Fraud Act (N.J.S.A. 56:8-2, *et seq.*), and common law claims for fraudulent concealment/nondisclosure, breach of implied warranties, and unjust enrichment;

WHEREAS, LGEUS has appeared in the Action and denies that it has violated any laws, contracts or statutes, breached any express or implied warranties, or occasioned any damages to consumers, in connection with the advertising, marketing, manufacturing and/or sale of the Refrigerators, and asserts that it could successfully defend against the claims asserted in the Action;

WHEREAS, the Class Representatives and LGEUS have determined to resolve and finally settle the claims that have been brought and could have been brought in the Action on the following terms (the "Settlement") which all parties and their counsel believe are fair, adequate and reasonable to the "Class" (as defined below);

WHEREAS, "Class Counsel" and "LGEUS's Counsel" (as defined below) have engaged in extensive arm's-length negotiations in reaching the terms set out in this Settlement Agreement;

WHEREAS "Class Counsel" shall mean Lieff, Cabraser, Heimann & Bernstein, LLP; Carella, Byrne, Cecchi, Olstein, Brody & Agnello, P.C.; and Kiesel Boucher Larson, LLP;

WHEREAS "LGEUS's Counsel" shall mean Riker Danzig Scherer Hyland & Perretti LLP;

NOW, THEREFORE, in consideration of the promises and the covenants and agreements set forth below, the parties hereby agree, subject to Court approval, as follows:

1.     Scope of the Class

The "Class" consists of and is hereinafter defined as all end user consumer residents of the United States who currently own or owned one or more of the following LG-manufactured Refrigerators consisting of the LG-branded (the "LG Models") or Kenmore-branded (the

"Kenmore Models") refrigerators that are identified on Exhibit A hereto (collectively, the "Refrigerators"). Excluded from membership in the Class are the following: (a) LGEUS or its affiliates; (b) Sears, Roebuck and Co. or its affiliates ("Sears"); (c) retailers, wholesalers, and other middlemen who purchased a Refrigerator for commercial use or resale; (d) persons who timely and validly exclude themselves from the Class; (e) state and federal governmental entities; and (f) the judge to whom this case is assigned and any member of the judge's immediate family. The parties hereto agree that the Court may properly certify this matter as a nationwide class action for settlement purposes under the Federal Rules of Civil Procedure and 28 U.S.C. § 1332(d) and that such a class may be comprised of those persons defined as the Class.

2.    Warranty Extension

LGEUS has provided and will continue to provide a limited warranty extension (the "Warranty Extension") to Class members who require a repair of their Refrigerator because the interior light of their Refrigerator remains on when the Refrigerator door is closed (the "Light Issue"). The Warranty Extension shall be limited to the costs of parts and labor for repairs necessitated by the actual manifestation of the Light Issue. The duration of the Warranty Extension shall be the period beginning on the date that the Settlement Notice is distributed and extending until 10 years from the date of the original retail purchase of the Refrigerator. For purposes of this Agreement, "Settlement Notice" shall mean any form of notice attached hereto as Exhibits B, C, or D. For purposes of calculating dates running from distribution of Settlement Notice, the dates shall run from the deadline for mailing of the Summary Notice. Instead of repairing a Refrigerator, LGEUS shall have sole discretion to replace any Refrigerator with a new or refurbished model. Any such refurbished model that is a Refrigerator included on Exhibit A will be covered by the Warranty Extension for any future Light Issue that manifests within 10 years from the date of the original retail purchase of the Class member's Refrigerator. LGEUS

3

shall be under no obligation under this Settlement Agreement to provide warranty service for any fault with the Refrigerators other than to correct the Light Issue if it actually manifests in a Class members' Refrigerator within the Warranty Extension period as specifically set forth herein.

3.     <u>Warranty Fulfillment</u>

Repairs under the Warranty Extension will be performed solely by LGEUS or its authorized servicers, or with respect to the Kenmore Models by Sears or its authorized servicers, in accordance with the procedures set forth in the Long Form Notice, attached hereto as <u>Exhibit B</u>. This Warranty Extension shall not alter, amend, or limit any extended warranty purchased by a Class member.  The cost of any extended warranty purchased by a Class member is not an expense covered by this Settlement Agreement.

For the duration of the Warranty Extension period, an informational website and dedicated toll-free telephone number(s) shall be provided.  Class members may obtain a telephone diagnosis of the Light Issue and, if necessary, schedule an in-home warranty repair under the Warranty Extension via the toll-free telephone number(s). Class members who report an elevated internal temperature of the Refrigerator together with an indication that the Refrigerator light stays on when the Refrigerator door is closed, including without limitation, an abnormally hot or melted light assembly, will be eligible to schedule an in-home warranty repair under this Settlement.

4.     <u>Reimbursement for Qualifying Expenses for Light Issue Repairs</u>

LGEUS will reimburse 100% of out-of-pocket expenses for parts and labor necessitated by the interior light of the Refrigerator remaining on when the door is closed, which are incurred by any Class member prior to the date that Settlement Notice is distributed, if such Class member provides proof sufficient to establish that the Class member actually paid and has not been reimbursed for such out-of-pocket expenses incurred by that Class member (the "Qualifying Repair").  LGEUS shall have no obligation to reimburse any such expenses for a Qualifying

Repair unless the Class member submits (i) a valid proof of claim in the form attached hereto as Exhibit E (the "Claim Form"), including the accompanying declaration under penalty of perjury and (ii) a legible copy of a receipt showing the amount paid for parts and labor for the Qualifying Repair, provided however, that if LGEUS's or Sears' service records reflect that a Class member incurred unreimbursed out-of-pocket expenses for a Qualifying Repair and the amount of such expense, such records shall suffice to establish the existence and amount of the Qualifying Repair.

No repair occurring after the distribution of Settlement Notice shall be considered a Qualifying Repair for purposes of cash reimbursement under this Settlement Agreement. Repairs occurring after distribution of the Settlement Notice will be subject to the terms of the Warranty Extension set forth in Sections 2-3 of this Settlement Agreement. Claims for reimbursement under this provision must be postmarked or received within thirteen (13) months of the date on which the Court enters an order preliminarily approving this Class Settlement (the "Preliminary Approval Order") in order to receive any reimbursement from LGEUS. No claims for reimbursement shall be paid prior to the Settlement Effective Date (as defined below).

No Class member who received either a full or partial refund of the purchase price of the Refrigerator or a free exchange of a Refrigerator for a new refrigerator of any model will be entitled to any payment for reimbursement of a Qualifying Repair. No Class member who has already received a full reimbursement of costs incurred for a Qualifying Repair will receive any further payment for the previously reimbursed Qualifying Repair. Subject to Court approval, the reimbursement program will be administered by Rust Consulting, a qualified third party administrator selected jointly by the parties (the "Claims Administrator").

5.    Class Notice and Administration of the Settlement

The Parties agree to and will request approval by the Court of the following forms and methods of notice to the Settlement Class:

a.  LGEUS will bear the cost of settlement administration.

b.  LGEUS will bear the cost of notice to the Class.

c.  LGEUS, through the Claims Administrator, will send the Summary Notice, attached hereto as <u>Exhibit C</u>, by first-class mail to the last-known mailing addresses of all consumers who own or owned the Refrigerators (i) for whom LGEUS has obtained contact information from its own database or from information obtained from Sears, or (ii) for whom Class Counsel has provided contact information. No later than 14 days after the Preliminary Approval Order, LGEUS shall provide to the Claims Administrator, in computer readable format, ship-to mailing addresses contained in LGEUS's database(s) and all applicable addresses received from Sears and Class Counsel and shall cooperate in good faith with the Claims Administrator in transmitting this information in the most efficient manner possible. The Claims Administrator shall update all mailing addresses with an available national change of address database so as to update accurate mailing addresses for all Class Members. Mailing of the Summary Notice shall be completed not more than 30 days after the date of the Preliminary Approval Order. The Long Form Notice and Claim Form, attached hereto as Exhibits B and E will be emailed to Class Members for whom a mailing address is not known and an email address is known.

    d.    The Publication Notice, attached hereto as <u>Exhibit D</u>, shall be published prominently once in *PARADE* within 45 days of the Preliminary Approval Order. The Publication Notice shall be published in a one-half page black and white unit of advertising space.

    e.    For a period commencing from mailing of the Summary Notice and ending on August 1, 2018, LGEUS shall maintain a website dedicated to this Settlement. The website shall contain downloadable copies of the Long Form and Summary Notices, Settlement Agreement, and Claim Form. The Long Form Notice will also be available in English and in Spanish upon request.

    f.    LGEUS also shall send notice to governmental agencies to the extent required by 28 U.S.C. § 1715.

    g.    The Claims Administrator shall provide quarterly claims reports to Class Counsel.

6.    <u>General Claims Processing Guidelines</u>

    a.    Each Claim Form provided under this Settlement Agreement shall be submitted to and reviewed by the Claims Administrator who shall determine in accordance with this Settlement Agreement the extent, if any, to which each claim for reimbursement for a Qualifying Repair (each, a "Reimbursement Claim") shall be allowed.

b.      The Claims Administrator shall review and determine the eligibility of each timely filed Reimbursement Claim within 60 days of receipt of such claim.

c.      Claim Forms that do not meet the submission requirements shall be rejected.    Prior to rejection of a Claim Form, the Claims Administrator shall communicate with the Class member who submitted the form in order to remedy curable deficiencies in Claim Forms that are submitted.  The Claims Administrator shall notify, in a timely fashion and in writing, any Class member whose Claim Form the Claims Administrator proposes to reject in whole or in part, of the deficiencies via mailing, and shall allow the Class member thirty (30) days from the date of the mailing of such notice to correct the deficiencies.  If the deficiencies are not corrected within the thirty (30) day period, the Claims Administrator shall reject the Reimbursement Claim with prejudice.

d.      If any Class member whose Reimbursement Claim has been rejected in whole or in part desires to contest such rejection, the Class member must, within 30 days from the date of rejection, serve upon the Claims Administrator a notice and statement of reasons indicating the Class member's grounds for contesting the rejection along with any supporting documentation, and requesting a review thereof by the Claims Administrator, whose decision will be final.

e.  No eligible Reimbursement Claim shall be paid prior to the Settlement Effective Date. Reimbursement Claims that are received, reviewed, and deemed eligible for payment prior to the Settlement Effective Date shall be paid within 60 days of the Settlement Effective Date. Reimbursement Claims that are deemed eligible after the Settlement Effective Date shall be paid within 60 days of the date upon which they are deemed eligible for reimbursement.

f.  Checks sent to Class Members shall remain negotiable for 120 days from the date of mailing. Funds represented by checks sent to Class Members pursuant to this section remain the property of LGEUS until and unless they are properly and timely negotiated by the Class Member. Checks that are not cashed within 120 days of their issuance will be void and the associated funds will remain the property of and/or revert to LGEUS. In the event that a check is returned to the Claims Administrator by the Post Office as undeliverable, the Claims Administrator will make reasonable efforts to contact the Class member, determine the current address, and resend the check. If those reasonable efforts are unsuccessful, the returned check will be void and the associated funds will remain the property of and/or revert to LGEUS.

g.  LGEUS's provision of benefits pursuant to this Settlement Agreement shall be deemed final and conclusive against all Class members. All Class members shall be bound by all of the terms of

this Settlement Agreement, including the terms of the judgment to be entered in the Action and the releases provided for herein, and will be barred from bringing any action against the "Released Parties" (as defined below) concerning the "Released Claims" (as defined below).

7.    Class Representative Awards

Class Counsel shall petition the Court for, and LGEUS shall not oppose, a Class Representative Stipend in an amount of $1,000 to each of the Class Representatives in this Action, in recognition of their efforts on behalf of the Class. Class Counsel's application for Stipends pursuant to this subsection shall be made no later than 45 days after the entry of the Preliminary Approval Order. Such application shall be posted on the Settlement website within 10 days of filing and will be heard at the time of the final approval hearing or as soon thereafter as may be determined by the Court.

The Court's award of any Class Representative Stipend shall be separate from its determination of whether to approve the Settlement. In the event the Court approves the Settlement, but declines to award a Class Representative Stipend in the amount requested by Class Counsel, the Settlement will nevertheless be binding on the Parties.  If the Court declines to approve the Settlement, no Class Representative Stipend shall be paid.

To the extent awarded by the Court, LGEUS shall pay the Class Representative Stipend upon the Court's entry of the Final Judgment, pursuant to the Stipulated Undertaking between the Parties attached hereto as Exhibit F ("Stipulated Undertaking"), requiring repayment of stipends and fees by Class Counsel should the Final Judgment be reversed or materially modified or the stipend and fee order reversed or reduced on appeal. The Stipulated Undertaking shall provide that Class Counsel are jointly and severally liable to LGEUS for the repayment of stipends and fees

should the Final Judgment be reversed or materially modified or the stipend and fee order reversed or reduced on appeal.

Payment by LGEUS of the Class Representative Stipend is separate from, and in addition to, the other relief afforded to the Class Members in this Agreement.

8.    Attorney's Fees

Subject to entry of the Final Judgment, LGEUS agrees to pay Class Counsels' Court-approved fees and expenses up to a maximum of $1,000,000. Class Counsel agree not to seek, and LGEUS shall not be obligated to pay, Class Counsels' fees and expenses in excess of $1,000,000. LGEUS shall not oppose Class Counsel's request for an award of actual attorneys' fees and expenses up to a maximum of $1,000,000.

Class Counsel's application for an award of attorneys' fees and expenses pursuant to this subsection shall be filed no later than 45 days after the entry of the Preliminary Approval Order. Such application shall be posted on the Settlement website within 10 days of filing and will be heard at the time of the final approval hearing or as soon thereafter as may be determined by the Court.

The payment by LGEUS of the Class Counsels' fees and expenses is separate from and in addition to the other relief afforded the Class Members in this Agreement. The Court's award of any Class Counsels' fees and expenses shall be separate from its determination of whether to approve the Settlement. In the event the Court approves the Settlement, but declines to award Class Counsels' fees and expenses in the amount requested by Class Counsel, the Settlement will nevertheless be binding on the Parties. If the Court declines to approve the Settlement, no award of Class Counsel fees and expenses shall be paid.  Further, the Parties negotiated and reached agreement on the Class Counsels' fees and expenses only after reaching agreement on all other material terms of the Agreement.

To the extent awarded by the Court, LGEUS shall pay to Class Counsel the fees and expenses awarded by the Court, up to a maximum of $1,000,000, upon the Court's entry of the Final Judgment pursuant to the Stipulated Undertaking attached hereto as Exhibit F, requiring repayment of such fees and expenses by Class Counsel should the Final Judgment be reversed or materially modified or the fee order reversed or reduced on appeal. The Stipulated Undertaking shall provide that Class Counsel are jointly and severally liable to LGEUS for repayment of such fees and expenses should the Final Judgment be reversed or materially modified or the fee order reversed or reduced on appeal. Payment shall be made in accordance with wire instructions to be provided to LGEUS by Class Counsel.

9.     Opting Out of The Class

Each Class member may, at his, her or its option, elect to opt out of the Settlement Agreement described herein. Any Class member who wishes to opt out of the Class must do so in writing by mailing a request for exclusion to the Claims Administrator. Any such request must be sent to the Claims Administrator and postmarked or received no later than 90 days after the Preliminary Approval Order. The request to opt out must be signed by the Class member seeking to opt out and must set out the Class member's first and last names, valid mailing address and functioning telephone number. All requests to opt out that fail to satisfy the requirements of this section, as well as any additional requirements as the Court may impose, shall not be effective. Any Class member who opts out may rescind or revoke such decision by submitting a written revocation to the Claims Administrator. Any such revocation must be postmarked or received by the opt-out deadline. Any Class member who does not properly and timely submit a request for exclusion as required herein shall be deemed to have waived all rights to opt out and shall be deemed a member of the Class for all purposes under this Settlement Agreement.

10.    Objecting to the Settlement

Any Class member may object to the fairness, reasonableness or adequacy of the proposed Settlement, including the proposed award of attorneys' fees and expenses. Each Class Member who wishes to object to any term of this Agreement must do so in writing by filing a written objection with the Clerk of the Court and mailing it to the Parties' respective counsel at the addresses set forth in Section 22 of this Agreement. Any such objection must be filed with the Clerk of the Court and postmarked or received by the Parties' respective counsel no later than 90 days after the Preliminary Approval Order. Any such objection must (a) identify the Refrigerator owned by the Class member (by serial and model number) if possible; (b) attach copies of any materials that will be submitted to the Court or presented at the final approval hearing; (c) be signed by the Class member or his/her counsel; and (d) clearly state in detail (i) the legal and factual ground(s) for the objection, (ii) the Class member's name, address and telephone number, and (iii) if represented by counsel, such counsel's name, address and telephone number. Any objection that fails to satisfy the requirements of this Section, or that is not properly and timely submitted, may be deemed ineffective, and will be deemed by the Parties to have been waived, and the Parties will argue that the Class member asserting such objection shall not be heard at the final approval hearing nor be considered by the Court and shall be bound by the final determination of the Court. Only Class members may object to the Settlement Agreement, and persons who opt out of the Settlement Class may not object to the Settlement Agreement.

11.    Requests to Appear at Final Approval Hearing

Any Class member or their counsel who wish to appear at the final approval hearing must make such request by notifying the Court and the Parties' respective counsel in writing at the addresses set forth in Section 22 below. Any such request must be filed with the Clerk of the Court and postmarked or received by the Parties' respective counsel no later than 90 days after the

Preliminary Approval Order, and must state the name, address and telephone number of the Class member, as well as the name, address and telephone number of the person who will appear on his or her behalf. Any such request must further indicate that the Class Member has previously or contemporaneously objected to the Settlement in compliance with the requirements of Section 10 of this Agreement. Any request for appearance that fails to satisfy the requirements of this section, or that has not been properly or timely submitted, may be deemed ineffective, and shall be deemed to constitute a waiver of such Class member's rights to appear and to comment on the Settlement at the final approval hearing. Only Class members may request to appear at the final approval hearing, and persons who opt out of the Settlement Class may not request to appear at the final approval hearing

12.  Release and Covenant Not To Sue

a.  Effective as of the Settlement Effective Date, and in consideration of this Settlement Agreement and the benefits extended to the Class, (i) LGEUS and each of its present and former, direct and indirect, subsidiaries, parents, affiliates, unincorporated entities, divisions, groups, retailers, officers, directors, shareholders, partners, partnerships, joint ventures, employees, agents, servants, assignees, successors, insurers, indemnitees, attorneys, transferees, and/or representatives, and all of their parents, subsidiaries, affiliates, officers, directors, agents, and authorized distributors and retailers, and (ii) Sears and each of its present and former, direct and indirect, subsidiaries, parents, affiliates, unincorporated entities, divisions, groups, retailers, officers, directors, shareholders, partners, partnerships, joint ventures, employees, agents, servants, assignees,

successors, insurers, indemnitees, attorneys, transferees, and/or representatives, and all of their parents, subsidiaries, affiliates, officers, directors, agents, and authorized distributors and retailers (collectively, the "Released Parties"), shall be released and forever discharged by the Class Representatives, for themselves and as the representatives of each Class member, and each Class member on behalf of himself, herself, or itself and their respective present and former, direct and indirect, subsidiaries, parents, affiliates, unincorporated entities, divisions, groups, officers, directors, shareholders, partners, partnerships, joint ventures, employees, agents, servants, assignees, successors, insurers, indemnitees, attorneys, transferees, and/or representatives (collectively, the "Releasors"), from claims or causes of action that have been, might have been, are now, or could have been brought relating to the transactions, actions, conduct and events that are the subject of the Action and/or the Settlement, or arising from or related to the Light Issue in the Refrigerators or otherwise alleged in the Complaint in the Action, whether in law or equity, whether seeking damages or any other relief (including attorneys' fees), of any kind or character, known or unknown, that are now recognized or that may be created or recognized in the future, by law, statute, regulation, judicial decision, or in any other manner, based upon any federal or state statutory or common law, including, without limitation, claims

15

sounding in tort, contract, and the consumer protection laws of the United States or of any state or other jurisdiction within the United States, as well as under the unfair or deceptive trade practices, trade regulation, consumer fraud, and false advertising law of the United States or any state or other jurisdiction within the United States, including, but not limited to, any claims relating to the alleged diminished value of or need to replace a Refrigerator (the "Released Claims"). Excluded from the Released Claims are any and all claims for personal injury, wrongful death, and/or emotional distress arising from personal injury.

b.      The Releasors acknowledge that the consideration exchanged in this Settlement Agreement is intended to and will release and discharge any claim and/or cause of action by them as described in Section 12(a) above, with regard to any unknown or future damage, loss or injury, and that they, and each of them, do hereby waive any rights under California Civil Code Section 1542 (or similar law of any other state or jurisdiction), which reads as follows:

**A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.**

c.      Upon the Settlement Effective Date, Plaintiffs will cause the dismissal with prejudice of the Action.

13.    <u>Confidentiality and Non-Disparagement; Denial of Liability; Not Admissible As Evidence</u>

The parties will keep the existence and terms of this Settlement Agreement confidential until the Court has granted preliminary approval. Plaintiffs and their counsel will not disparage LGEUS or Sears or describe this Settlement as a recall. The Parties and their counsel agree that neither the Parties nor their counsel will issue any press release or initiate communications with the press or other media concerning the subject matter of the Action or the Settlement. Media inquiries concerning the subject matter of the Action or the Settlement will be answered with the following mutually agreed-upon statement: "The Parties have reached an agreed settlement of all claims related to the refrigerator models at issue. For complete information, please visit the settlement website." Nothing herein shall prevent Class Counsel from posting the Settlement Notices on their law firm websites, observing their duty of full candor to the Court, or advising their clients and Class members regarding their rights and options under the Settlement Agreement. All parties understand and agree that this Settlement Agreement constitutes a compromise, resolution, and settlement of the disputed claims to avoid the uncertainty, time, trouble, and expense of litigation. All parties understand and agree that this Settlement Agreement does not constitute and shall not be taken or construed as an admission of liability on the part of LGEUS or any of the Released Parties, but rather, such liability has been and is expressly denied. It is further understood and agreed that no party to this Settlement Agreement shall attempt to introduce this Settlement Agreement into evidence in any action, cause of action, or proceeding against the Released Parties, except in an action to enforce the terms of this Settlement Agreement. The Class does not concede any infirmity or weakness in their claims. LGEUS does not concede any infirmity or weakness in its defenses or its products.

14.    <u>Legal Counsel</u>

The parties acknowledge that they have been represented by counsel of their own choice throughout all negotiations which preceded the execution of this Settlement Agreement and that this Settlement Agreement was executed with the consent and on the advice of such legal counsel. None of the parties hereto shall be considered to be the drafter of this Settlement Agreement or any part of it.

15.    <u>Entire Agreement</u>

This Settlement Agreement constitutes the entire agreement among the parties with respect to the subject matter hereof and supersedes all prior oral or written agreements with respect to the matters provided for herein.  This Settlement Agreement shall not be amended, altered, or modified except by an instrument in writing, signed by all parties.

16.    <u>Binding-Effect</u>

Unless otherwise provided, this Settlement Agreement and the terms, covenants, conditions, provisions, obligations, undertakings, rights, and benefits hereof shall be binding upon, and shall inure to the benefit of, the undersigned parties and their respective predecessors, successors, assigns, heirs, executors, administrators, trustees, attorneys, agents, and representatives.

17.    <u>Best Efforts of the Parties</u>

The parties hereto agree to undertake their best efforts to effectuate the Settlement provided herein.  Neither Class Counsel nor LGEUS shall encourage members of the Class to object to the Court's approval of the Agreement or to opt out of the Class.

18.    <u>Settlement Effective Date</u>

This Settlement Agreement shall become final upon the "Settlement Effective Date," which is the day after the occurrence of all of the following three events: (a) the Settlement

Agreement is executed and delivered by all Parties and approved by the Court; (b) entry of the final judgment and order approving this Settlement (the "Final Judgment"); and (c) the Final Judgment becomes "Final." "Final" means the occurrence of any of the following: (a) final affirmance on an appeal of the Final Judgment, the expiration of the time for a petition for review of the Final Judgment and, if the petition is granted, final affirmance of the Final Judgment following review pursuant to that grant; or (b) final dismissal of any appeal from the Final Judgment or the final dismissal of any proceeding to review the Final Judgment; or (c) if no appeal is filed, the expiration of the time for the filing or noticing of any appeal from the Court's Final Judgment. If the Final Judgment is set aside, materially modified, vacated, or reversed by the Court or by an appellate court, and is not fully reinstated on further appeal, then the Final Judgment does not become "Final" and the Settlement Effective Date cannot occur.

19.    Nullification

LGEUS shall have the right to withdraw from the Settlement at any time before it becomes Final if: (a) any court issues an injunction against LGEUS or its attorneys from proceeding with this Settlement; or (b) Class members owning more than 5% of the total number of Refrigerators opt out. Further, if the Court does not grant preliminary approval to this Settlement Agreement, or if the Court does not grant final approval of all of the material terms and conditions contained in this Settlement Agreement, then this Settlement Agreement shall be null and void, and none of the stipulations or agreements herein shall be admissible for any purpose.

20.    Governing Law

This Settlement Agreement and the interpretation of its terms and provisions shall be governed by the procedural and substantive law of the State of New Jersey. The United States District Court, District of New Jersey, shall maintain continuing jurisdiction over this matter in any proceeding to interpret or enforce the terms of this Settlement Agreement.

21.    <u>Time for Compliance</u>

If the date for performance of any act required by or under this Settlement Agreement to be performed on a particular day or within a specified period of time falls on a Saturday, Sunday, or Court holiday, that act may be performed upon the next business day with the same effect as if it had been performed on the day or within the period of time specified by or under this Settlement Agreement.

22.    <u>Notices</u>

All notices to Class Counsel provided for herein shall be sent by email to Jonathan D. Selbin, Lieff Cabraser, Heimann & Bernstein, LLP, 250 Hudson St. 8th Floor, New York, NY 10013, telephone (212) 355-9500, email: jselbin@lchb.com, with a hard copy sent by overnight mail.

All notices to LGEUS provided for herein shall be sent by email to Brian O'Donnell, Riker Danzig Scherer Hyland & Perretti LLP, One Speedwell Avenue, P.O. Box 1981, Morristown, NJ 07962-1981, telephone (973) 451-8475, email: bodonnell@riker.com, with a hard copy sent by overnight mail.

The Parties agree to promptly provide each other with copies of objections, requests for exclusion, or other filing received as a result of the Settlement Notice.

23.    <u>Execution in Counterparts</u>

To facilitate execution, this Settlement Agreement may be executed in several counterparts by one or more of the undersigned parties and all such counterparts when so executed shall together be deemed to constitute a single agreement, as if one document has been signed by all parties hereto.

*[REMAINDER OF PAGE LEFT INTENTIONALLY BLANK]*

IN WITNESS HEREOF, the undersigned have duly executed this Settlement Agreement, or have caused this Settlement Agreement to be duly executed on their behalf, to be effective as of the date first set forth in this Settlement Agreement.

**LIEFF CABRASER, HEIMANN & BERNSTEIN, LLP**

By: _Kristen Law Sagafi_
    Kristen Law Sagafi

275 Battery Street, 29th Floor
San Francisco, CA 94111-3336
(415) 956-1000

*Counsel for Plaintiffs*

**CARELLA, BYRNE, CECCHI, OLSTEIN, BRODY & AGNELLO, P.C.**

By:_____
    James Cecchi

5 Becker Farm Road
Roseland, NJ 07068
(973) 994-1700

*Counsel for Plaintiffs*

**KIESEL BOUCHER LARSON, LLP**

By:_____
    Paul Kiesel

8648 Wilshire Boulevard
Beverly Hills, CA 90211-2910
(310) 854-4444

*Counsel for Plaintiffs*

**RIKER DANZIG SCHERER HYLAND & PERRETTI LLP**

By: _____
    Brian E. O'Donnell
    Michael P. O'Mullan

Headquarters Plaza
One Speedwell Avenue
P.O. Box 1981
Morristown, New Jersey 07962-1981
(973) 538-0800

*Counsel for Defendant*

**LG ELECTRONICS USA, INC.**

By:_____

21

IN WITNESS HEREOF, the undersigned have duly executed this Settlement Agreement, or have caused this Settlement Agreement to be duly executed on their behalf, to be effective as of the date first set forth in this Settlement Agreement.

**LIEFF CABRASER, HEIMANN & BERNSTEIN, LLP**

By:_____
    Kristen Law Sagafi

275 Battery Street, 29th Floor
San Francisco, CA 94111-3336
(415) 956-1000

*Counsel for Plaintiffs*


**CARELLA, BYRNE, CECCHI, OLSTEIN, BRODY & AGNELLO, P.C.**

By:_____
    James Cecchi

5 Becker Farm Road
Roseland, NJ 07068
(973) 994-1700

*Counsel for Plaintiffs*

**KIESEL BOUCHER LARSON, LLP**

By:_____
    Paul Kiesel

8648 Wilshire Boulevard
Beverly Hills, CA 90211-2910
(310) 854-4444

*Counsel for Plaintiffs*


**RIKER DANZIG SCHERER HYLAND & PERRETTI LLP**

By: _____
    Brian E. O'Donnell
    Michael P. O'Mullan

Headquarters Plaza
One Speedwell Avenue
P.O. Box 1981
Morristown, New Jersey 07962-1981
(973) 538-0800

*Counsel for Defendant*


**LG ELECTRONICS USA, INC.**

By:_____

IN WITNESS HEREOF, the undersigned have duly executed this Settlement Agreement, or have caused this Settlement Agreement to be duly executed on their behalf, to be effective as of the date first set forth in this Settlement Agreement.

**LIEFF CABRASER, HEIMANN & BERNSTEIN, LLP**

By:_____
    Kristen Law Sagafi

    275 Battery Street, 29th Floor
    San Francisco, CA 94111-3336
    (415) 956-1000

*Counsel for Plaintiffs*

**CARELLA, BYRNE, CECCHI, OLSTEIN, BRODY & AGNELLO, P.C.**

By:_____
    James Cecchi

    5 Becker Farm Road
    Roseland, NJ 07068
    (973) 994-1700

*Counsel for Plaintiffs*

**KIESEL BOUCHER LARSON, LLP**

By:_____
    Paul Kiesel

    8648 Wilshire Boulevard
    Beverly Hills, CA 90211-2910
    (310) 854-4444

*Counsel for Plaintiffs*

**RIKER DANZIG SCHERER HYLAND & PERRETTI LLP**

By: _____
    Brian E. O'Donnell
    Michael P. O'Mullan

    Headquarters Plaza
    One Speedwell Avenue
    P.O. Box 1981
    Morristown, New Jersey 07962-1981
    (973) 538-0800

*Counsel for Defendant*

**LG ELECTRONICS USA, INC.**

By:_____

21

IN WITNESS HEREOF, the undersigned have duly executed this Settlement Agreement, or have caused this Settlement Agreement to be duly executed on their behalf, to be effective as of the date first set forth in this Settlement Agreement.

**LIEFF CABRASER, HEIMANN & BERNSTEIN, LLP**


By:_____
    Kristen Law Sagafi

    275 Battery Street, 29th Floor
    San Francisco, CA 94111-3336
    (415) 956-1000

*Counsel for Plaintiffs*


**CARELLA, BYRNE, CECCHI, OLSTEIN, BRODY & AGNELLO, P.C.**


By:_____
    James Cecchi

    5 Becker Farm Road
    Roseland, NJ 07068
    (973) 994-1700

*Counsel for Plaintiffs*

**KIESEL BOUCHER LARSON, LLP**


By:_____
    Paul Kiesel

    8648 Wilshire Boulevard
    Beverly Hills, CA 90211-2910
    (310) 854-4444

*Counsel for Plaintiffs*


**RIKER DANZIG SCHERER HYLAND & PERRETTI LLP**


By:_____
    Brian E. O'Donnell
    Michael P. O'Mullan

    Headquarters Plaza
    One Speedwell Avenue
    P.O. Box 1981
    Morristown, New Jersey 07962-1981
    (973) 538-0800

*Counsel for Defendant*


**LG ELECTRONICS USA, INC.**


By:_____

IN WITNESS HEREOF, the undersigned have duly executed this Settlement Agreement, or have caused this Settlement Agreement to be duly executed on their behalf, to be effective as of the date first set forth in this Settlement Agreement.

**LIEFF CABRASER, HEIMANN & BERNSTEIN, LLP**

By:_____
    Kristen Law Sagafi

    275 Battery Street, 29th Floor
    San Francisco, CA 94111-3336
    (415) 956-1000

*Counsel for Plaintiffs*

**CARELLA, BYRNE, CECCHI, OLSTEIN, BRODY & AGNELLO, P.C.**

By:_____
    James Cecchi

    5 Becker Farm Road
    Roseland, NJ 07068
    (973) 994-1700

*Counsel for Plaintiffs*

**KIESEL BOUCHER LARSON, LLP**

By:_____
    Paul Kiesel

    8648 Wilshire Boulevard
    Beverly Hills, CA 90211-2910
    (310) 854-4444

*Counsel for Plaintiffs*

**RIKER DANZIG SCHERER HYLAND & PERRETTI LLP**

By: _____
    Brian E. O'Donnell
    Michael P. O'Mullan

    Headquarters Plaza
    One Speedwell Avenue
    P.O. Box 1981
    Morristown, New Jersey 07962-1981
    (973) 538-0800

*Counsel for Defendant*

**LG ELECTRONICS USA, INC.**

By:_____
    Richard C. Wingate

**CLASS REPRESENTATIVES**

By: _Connie McLennan_
   Connie McLennan


By:_____
   Virginia Zontok


By:_____
   Caryl Farrell

22

TOTAL P.02

**CLASS REPRESENTATIVES**

By:_____
    Connie McLennan

By:_____
    Virginia Zontok

By:_____
    Caryl Farrell

22

**CLASS REPRESENTATIVES**

By:_____
    Connie McLennan


By:_____
    Virginia Zontok


By: *Caryl Farrell*
    Caryl Farrell

# EXHIBIT A
# (Covered Refrigerators)

EXHIBIT A

**LG MODELS**

| Model | Serial No. Range | Manufacture Dates: |
|-------|-----------------|--------------------|
| LFC20740** | 602MR******* to 802MR******* | Feb. 2006- Feb. 2008 |
| LFC21760** | 602KR******* to 802KR******* | Feb. 2006- Feb. 2008 |
| LFC22740** | 602MR******* to 802MR******* | Feb. 2006- Feb. 2008 |
| LFC22760** | 602MR******* to 802MR******* | Feb. 2006- Feb. 2008 |
| LFC25760** | 602KR******* to 802KR******* | Feb. 2006- Feb. 2008 |
| LFD21860** | 602KR******* to 802KR******* | Feb. 2006- Feb. 2008 |
| LFD22860** | 602MR******* to 802MR******* | Feb. 2006- Feb. 2008 |
| LFD25860** | 602KR******* to 802KR******* | Feb. 2006- Feb. 2008 |
| LFX21960** | 602KR******* to 802KR******* | Feb. 2006- Feb. 2008 |
| LFX25950** | 602KR******* to 802KR******* | Feb. 2006- Feb. 2008 |
| LFX25960** | 602KR******* to 802KR******* | Feb. 2006- Feb. 2008 |
| LRFC22750** | ALL | ALL |
| LRFD22850** | ALL | ALL |

**KENMORE MODELS**

| Model | Serial No. Range | Manufacture Dates: |
|-------|-----------------|--------------------|
| 795.7756**** | 602KR******* to 802KR******* | Feb. 2006- Feb. 2008 |
| 795.7757**** | 602KR******* to 802KR******* | Feb. 2006- Feb. 2008 |
| 795.7754**** | 602KR******* to 802KR******* | Feb. 2006- Feb. 2008 |

| 795.7755**** | 602KR******* to 802KR******* | Feb. 2006- Feb. 2008 |
|---|---|---|
| 795.7771**** | 602KR******* to 802KR******* | Feb. 2006- Feb. 2008 |
| 795.7772**** | 602KR******* to 802KR******* | Feb. 2006- Feb. 2008 |
| 795.7730**** | 602MR******* to 802MR******* | Feb. 2006- Feb. 2008 |
| 795.7731**** | 602MR******* to 802MR******* | Feb. 2006- Feb. 2008 |
| 795.7724**** | 602MR******* to 802MR******* | Feb. 2006- Feb. 2008 |
| 795.7725**** | 602MR******* to 802MR******* | Feb. 2006- Feb. 2008 |

4165773

**EXHIBIT B**
**(Long Form Notice)**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CONNIE MCLENNAN, ET AL., ) | |
| ) | |
| Plaintiffs, ) | Civil Action No. 2:10-cv-03604 (WJM) |
| ) | (MF) |
| v. ) | |
| ) | |
| LG ELECTRONICS USA, INC., ) | |
| ) | |
| Defendant. ) | |

# A settlement has been reached in a class action about LG and Kenmore-branded French Door Refrigerators.

*A federal court authorized this notice.  It is not a solicitation from a lawyer.*

**YOU ARE <u>NOT</u> BEING SUED.**  THIS IS NOT A LAWSUIT AGAINST YOU.

YOU MAY BE ENTITLED TO RECEIVE THE BENEFITS OF A CLASS ACTION SETTLEMENT IF YOU CURRENTLY OWN OR OWNED AN LG OR KENMORE-BRANDED FRENCH DOOR REFRIGERATOR WITH ANY OF THE FOLLOWING MODEL NUMBERS, SERIAL NUMBERS AND MANUFACTURE DATES (THE "CLASS MODELS"):

| LG Model Nos. | Kenmore Model Nos. | Serial No. Range and Manufacture Dates |
|---|---|---|
| LFC20740**<br>LFC22740**<br>LFC22760**<br>LFD22860** | 795.7730****<br>795.7731****<br>795.7724****<br>795.7725**** | **602MR******* to 802MR*********<br>Feb. 2006 – Feb. 2008 |
| LFC21760**<br>LFC25760**<br>LFD21860**<br>LFD25860**<br>LFX21960**<br>LFX25950**<br>LFX25960** | 795.7756****<br>795.7757****<br>795.7754****<br>795.7755****<br>795.7771****<br>795.7772**** | **602KR******* to 802KR*********<br>Feb. 2006 – Feb. 2008 |
| LRFC22750**<br>LRFD22850** | --- | ALL Serial Nos. and Manufacture Dates |

As described in detail below, the settlement of this class action lawsuit provides for LG Electronics USA, Inc. ("LGEUS") to offer the following benefits (the "Settlement Benefits"):

1) an extension of the manufacturer's limited warranty to Class Members who require repair of a Class Model because its interior light remains on when the refrigerator door is closed ("the Light Issue"), which shall be limited to the costs of parts and labor for repairs necessitated by the actual manifestation of the Light Issue, for a period beginning on [DATE] and extending until 10 years from the date of the original retail purchase of the Class Model (the "Settlement Warranty"); and/or

2) complete reimbursement of out-of-pocket expenses paid by Class Members with proof sufficient to establish that the Class Member actually paid and has not been reimbursed for such out-of-pocket expenses incurred for parts and labor for a Qualifying Repair, which is a repair, prior to [DATE], necessitated by the interior light in the refrigerator remaining on when the door is closed on any Class Model.

**This is not a product recall.**

**Please read this Notice carefully and in its entirety.**
**Your rights may be affected by the settlement of this lawsuit.**

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A CLAIM FORM POSTMARKED OR RECEIVED BY [DATE]** | This is the only way to receive reimbursement for a Qualifying Repair. |
| **EXCLUDE YOURSELF FROM THE CLASS BY [DATE]** | If you opt out of the settlement, you will not be eligible to receive the Settlement Benefits from the settlement, but you keep your right to sue on your own regarding any claims that are part of the settlement. |
| **OBJECT OR COMMENT BY [DATE]** | You may write to the Court about why you do, or do not, like the settlement.  You must remain in the Class to comment in support of or in opposition to the settlement. |
| **ATTEND A HEARING ON [DATE]** | You may ask to speak in Court about the fairness of the settlement. |
| **DO NOTHING** | If you do nothing, you will receive no reimbursement for a Qualifying Repair, but you will be entitled to the Settlement Warranty.  You also give up your right to sue on your own regarding any claims that are part of the settlement. |

- These rights and options, and the deadlines to exercise them, are explained in this Notice.

- The Court in charge of this case still has to decide whether to approve the settlement.  The Settlement Benefits will be made available if the Court approves the settlement and after any appeals are resolved.

# BASIC INFORMATION

**1. Why did I get this Notice?**

You or someone in your family may currently own or have owned an LG or Kenmore-branded French Door Refrigerator with any of the model numbers, serial numbers, and manufacture dates described on page 1 of this Notice. You received this Notice because you have a right to know about a proposed settlement of a class action lawsuit, and about your options, before the Court decides whether to approve the settlement. If the Court approves the settlement, and after objections and appeals are resolved, the Settlement Benefits that the settlement allows will be available.

This Notice explains the lawsuit, the settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them. The Court in charge of the case is the United States District Court for the District of New Jersey, and the case is known as *Connie McLennan, et al. v. LG Electronics USA, Inc.*, Case No. 2:10-cv-03604. The people who sued are called Plaintiffs, and the company they sued, LGEUS, is called the Defendant.

**2. What is this lawsuit about?**

The lawsuit claimed that the interior lights of the Class Models contain a certain defect that causes the interior lights of the Class Models to remain on when the refrigerator door is closed. LGEUS denies it did anything wrong, and the Court has not made any ruling on the factual allegations of the lawsuit.

**3. Why is this a class action?**

In a class action, one or more people, called Class Representatives (in this case, Connie McLennan, Virginia Zontok, and Caryl Farrell), sue on behalf of people who have similar claims. All these people are a Class or Class Members. One court resolves the issues for all Class Members, except for those who exclude themselves from the Class. U.S. District Judge William J. Martini is in charge of this class action.

**4. Why is there a settlement?**

The Court has not decided in favor of either side in the case. LGEUS denies all allegations of wrongdoing or liability against it, and contends that its conduct was lawful. LGEUS is settling to avoid the expense, inconvenience, and inherent risk of litigation, as well as the related disruption of its business operations. Plaintiffs and their attorneys assert that the settlement is in the best interests of the Class, because it provides an appropriate recovery now while avoiding the risk, expense, and delay of pursuing the case through trial and any appeals.

# WHO IS IN THE SETTLEMENT

To see if you will be entitled to the Settlement Benefits from this settlement, you first have to determine whether you are a Class Member.

> 5. How do I know if I am part of the Settlement?

Judge Martini decided that everyone who fits this description is a Class Member:

All end-user consumer residents of the United States who currently own or owned one or more of the LG or Kenmore refrigerators identified on page 1 of this Notice. Excluded from membership in the Class are the following: (a) LGEUS or its affiliates; (b) Sears, Roebuck and Co. or its affiliates ("Sears"); (c) retailers, wholesalers and other middlemen who purchased a Class Model refrigerator for commercial use or resale; (d) persons who timely and validly opt to exclude themselves from the Class; (e) state and federal governmental entities; and (f) the judge to whom this case is assigned and any member of the judge's immediate family.

# THE SETTLEMENT BENEFITS — WHAT YOU GET

> 6. What does the settlement provide?

LGEUS will provide the Settlement Warranty and reimburse in cash 100% of the cost actually paid by Class Members for parts and labor for each Qualifying Repair, with sufficient proof as described below. Repairs under the Settlement Warranty will be performed solely by LGEUS or its authorized servicers, or with respect to the Kenmore models, by Sears or its authorized servicers. This Settlement Warranty shall not alter, amend, or limit any extended warranty purchased by a Class Member. LGEUS has the sole discretion to replace any Class Model refrigerator with a new or refurbished model, instead of repairing it. In addition, LGEUS will pay for Notice to the Class and administrative costs of the settlement. Subject to Court approval, LGEUS will also pay Class Counsel's attorneys' fees and costs not to exceed $1,000,000, and an incentive award in the amount of $1,000 to each Class Representative.

## Consideration for Class Members

If you are a member of the Class (defined in paragraph 5 above), and you remain a member of the Class, you can submit a claim to receive complete reimbursement for out-of-pocket expenses paid for Qualifying Repairs as follows: you must submit (1) a claim form, including a declaration under penalty of perjury; and (2) a legible copy of a receipt showing the amount paid for parts and labor for the Qualifying Repair. If LGEUS's or Sears' service records reflect that you incurred unreimbursed out-of-pocket expenses for a Qualifying Repair, and state the amount of such expense, those records shall suffice to establish the existence and amount of the Qualifying Repair.

No repair occurring after [DATE] will be considered a Qualifying Repair for purposes of cash reimbursement. Such repairs will be subject to the terms of the Settlement Warranty. Cash reimbursement claims must be postmarked or received by [DATE] in order to receive any reimbursement from LGEUS. If you received a full or partial refund of the purchase price of the Class Model refrigerator or a free exchange of a Class Model refrigerator for a new refrigerator of any model, you will not be entitled to any payment. If you already received a full reimbursement of

4

costs incurred for a Qualifying Repair, you will not receive further payment for the previously reimbursed Qualifying Repair. No claims for reimbursement shall be paid prior to the date that the Court finally approves the settlement and all appeals are exhausted. Checks sent to Class Members must be cashed within 120 days.

## HOW YOU GET A PAYMENT — SUBMITTING A CLAIM FORM

**7. How can I get a reimbursement payment?**

Class Members who wish to receive a reimbursement payment must submit a claim form.

To submit a claim, you must complete a claim form. A claim form is attached to this Notice. You can also get a claim form on the Internet at www.[settlement website].com. Read the instructions carefully, fill out the form, include all the documents the form asks for, sign it, and mail it to the following address postmarked no later than [DATE]:

[ADDRESS]

## HOW YOU OBTAIN A REPAIR UNDER THE SETTLEMENT WARRANTY

**8. How can I get a repair under the Settlement Warranty?**

Class Members who require a repair under the Settlement Warranty because the light in their Class Model refrigerator stays on when the refrigerator door is closed can request a repair by calling the applicable telephone number below:

- If you own an LG Model listed on page one, you may call [LG 800 number].

- If you own a Kenmore Model refrigerator listed on page one, you may call [Sears 800 number].

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you don't want to receive the Settlement Benefits from this settlement, but you want to keep the right to sue LGEUS or Sears on your own about the legal issues in this case, then you must take steps to get out of the Class in this case. This is called excluding yourself from (or "opting out of") the Class.

**9. How do I get out of the settlement?**

To exclude yourself from the settlement, you must send a letter by mail saying that you want to be excluded from *McLennan, et al. v. LG Electronics USA, Inc.* Be sure to include your first and last name, a valid mailing address, a functioning telephone number, and your signature. You must mail your exclusion request postmarked no later than [DATE] to:

[ADMINISTRATOR'S ADDRESS FOR OPTING OUT]

You can't exclude yourself on the phone or by e-mail. If you ask to be excluded, you will not get any Settlement Benefits, and you cannot object to the settlement. You will not be legally bound by anything that happens in this lawsuit. You may be able to sue (or continue to sue) LGEUS or Sears in the future.

**10. If I don't exclude myself, can I sue LGEUS for the same thing later?**

No. If you do not properly and timely submit a request for exclusion, you waive your rights to opt out and will be deemed to be a member of the Class. Unless you exclude yourself, you give up the right to sue LGEUS or Sears for the claims that this settlement resolves. If you have a pending lawsuit against LGEUS or Sears other than this class action, speak to your lawyer in that lawsuit immediately. You may need to exclude yourself from *this* Class to continue your own lawsuit. Remember the exclusion deadline is [DATE].

**11. If I exclude myself, can I get the Settlement benefits from this settlement?**

No. If you exclude yourself, do not send in a claim form to ask for any money or seek to utilize the Settlement Warranty.

## THE LAWYERS REPRESENTING YOU

**12. Do I have a lawyer in the case?**

The Court has appointed James E. Cecchi of Carella, Byrne, Cecchi, Olstein, Brody & Agnello, P.C., Kristen Law Sagafi and Jonathan D. Selbin of Lieff Cabraser Heimann & Bernstein, LLP, and Paul Kiesel of Kiesel Boucher Larson, LLP as legal counsel for the Class. Together, the lawyers are called Class Counsel.

If you wish to speak to Class Counsel about this case, you may do so free of charge by calling 800-xxx-xxxx. You will never be asked to pay for Class Counsel's services in this case.

**13. How will the lawyers be paid?**

From the inception of the litigation in July 2010 to the present, Class Counsel has not received any payment for their services in prosecuting the case or obtaining the settlement, nor have they been reimbursed for any out-of-pocket expenses they have incurred. When they ask the Court to approve the settlement, Class Counsel will also make a motion to the Court for an award of attorneys' fees and reimbursement of expenses, in a total amount not to exceed $1,000,000. LGEUS has agreed not to oppose the attorneys' fee request. If the Court grants Class Counsel's request for attorneys' fees and expenses, LGEUS will pay those fees and expenses in addition to (and not out of) the settlement relief that is available to Class Members. No matter what the Court decides with regard to the requested attorneys' fees, Class Members will never have to pay anything toward the fees or expenses of Class Counsel. Class Counsel will seek final approval of the settlement on behalf of all

Class Members. You may hire your own lawyer to represent you in this case if you wish, but it will be at your own expense.

## OBJECTING TO THE SETTLEMENT

You can tell the Court that you don't agree with the settlement or some part of it.

**14. How do I tell the Court that I don't like the settlement?**

If you're a Class Member, you can object to the settlement if you don't like any part of it. You can give reasons why you think the Court should not approve it. The Court will consider your views. To object, you must send a letter saying that you object to *McLennan, et al. v. LG Electronics USA, Inc.* Be sure to include your name, address, telephone number, your signature, and the reasons you object to the settlement. Mail one copy of the objection to each of the addresses below postmarked no later than [DATE]:

| COURT | CLASS COUNSEL | DEFENSE COUNSEL |
|---|---|---|
| Clerk of the Court<br>United States District Court for<br>The District of New Jersey<br>50 Walnut St., Room 4015<br>Newark, NJ 07101 | Jonathan Selbin<br>Lieff, Cabraser, Heimann &<br>Bernstein, LLP<br>250 Hudson St., 8th Floor<br>New York, NY 10013 | Brian O'Donnell<br>Riker, Danzig, Scherer<br>Hyland & Perretti LLP<br>Headquarters Plaza<br>One Speedwell Ave.<br>P.O. Box 1981<br>Morristown, NJ 07962 |

**15. What's the difference between objecting and opting out?**

Objecting is simply telling the Court you don't like something about the settlement. You can object only if you stay in the Class. Opting out, which is the same as excluding yourself, is telling the Court you don't want to be part of the Class. If you opt out, you have no basis to object because the case no longer affects you.

## THE COURT'S FAIRNESS HEARING

The Court will hold a hearing to decide whether to approve the settlement. You may attend and you may ask to speak, but you don't have to attend or speak.

**16. When and where will the Court decide whether to approve the settlement?**

The Court will hold a Fairness Hearing at [TIME] on [DATE], at the United States District Court for the District of New Jersey (Newark Division) located at the Martin Luther King, Jr. Federal Building and United States Courthouse, 50 Walnut Street, Newark, New Jersey 07101, in Courtroom 4B. At this hearing, the Court will consider whether the settlement is fair, reasonable, and adequate. If there are objections, the Court will consider them. Judge Martini will listen to

people who have asked to speak at the hearing. The Court may also discuss Class Counsel's request for an award of attorneys' fees and reimbursement of costs. After the hearing, the Court will decide whether to approve the settlement and whether to grant Class Counsel's request for attorneys' fees and expenses. We do not know how long these decisions will take.

**17. Do I have to come to the hearing?**

No. Class Counsel will answer any questions Judge Martini may have, but you are welcome to attend the hearing at your own expense. If you send an objection, you don't have to come to Court to talk about it. As long as you mailed your written objection on time, the Court will consider it. You may also pay your own lawyer to attend, but it's not necessary.

**18. May I speak at the hearing?**

You may ask the Court for permission to speak at the Fairness Hearing. To do so, you must send a letter saying that it is your "Notice of Intention to Appear in *McLennan, et al. v. LG Electronics USA, Inc.*" Be sure to include your first and last name, a valid mailing address, a functioning telephone number, and your signature. Your Notice of Intention to Appear must be postmarked no later than [DATE], and be sent to Clerk of the Court, Class Counsel, and Defense Counsel, at the three addresses in question 14. You cannot speak at the hearing if you opted out of the settlement.

## IF YOU DO NOTHING

**19. What happens if I do nothing at all?**

If you do nothing, you will be entitled to the Settlement Warranty, but you won't be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against LGEUS or Sears about the legal issues in this case, ever again.

## FINAL SETTLEMENT APPROVAL

**20. What is the effect of final settlement approval?**

If the Court grants final approval of the settlement, all members of the Class will release and forever discharge any and all claims or causes of action that have been, might have been, are now, or could have been brought relating to the transactions, actions, conduct and events that are the subject of this action or settlement, arising from or related to the Light Issue in the refrigerators or otherwise alleged in the action, whether in law or equity, whether seeking damages or any other relief (including attorneys' fees), of any kind or character, known or unknown, that are now recognized or that may be created or recognized in the future by law, statute, regulation, judicial decision, or in any other manner, based upon any federal or state statutory or common law, including, without limitation, claims sounding in tort, contract, and the consumer protection laws of the United States or of any state or other jurisdiction within the United States, as well as under the unfair or deceptive trade practices, trade regulation, consumer fraud, and false advertising law of the United States or any state or other jurisdiction within the United States, including, but not limited to, any claims relating to the alleged diminished value of or need to replace a refrigerator (the "Released Claims").

8

Excluded from the Released Claims are any and all claims for personal injury, wrongful death, and/or emotional distress arising from personal injury.

If the settlement is not approved, the case will proceed as if no settlement had been attempted. There can be no assurance that, if the settlement is not approved and litigation resumes, the Class will recover more than is provided for under the settlement, or will recover anything.

## GETTING MORE INFORMATION

**21. Are there more details about the settlement?**

This Notice is only intended to provide a summary of the proposed settlement. You may obtain the complete text of the settlement at [website], by writing to the Settlement Administrator (at the address listed above), or from the court file, which is available for your inspection during regular business hours at the Office of the Clerk of the United States District Court for the District of New Jersey, 50 Walnut Street, Newark, New Jersey, under the Civil Action Number 2:10-cv-03604.

**PLEASE DO NOT CALL OR DIRECT ANY INQUIRIES TO THE COURT.**

KEY DATES

| | |
|---|---|
| Deadline to send a letter clearly stating that you wish to be excluded from the Class | Must be postmarked or received by |
| Deadline to send a letter stating that you object to this proposed settlement | Must be postmarked or received by |
| Court's Fairness Hearing | |
| Deadline to submit a claim form for reimbursement of repair expenses | Must be postmarked or received by |
| Last day to request a repair under the Warranty Extension | 10 years from the date on which you purchased your Refrigerator |

**EXHIBIT C**
**(Summary Notice)**

*0123456789* - 000
NAME
ADDRESS
CITY STATE ZIP

LEGAL NOTICE

# NOTICE OF PROPOSED CLASS ACTION SETTLEMENT

### *Connie McLennan, et al. v. LG Electronics USA, Inc.*
### Civil Action No. 2:10-CV-03604 (WJM)(MF)

A Settlement has been reached in a class action lawsuit that claimed certain LG and Kenmore refrigerators contain a defect that causes the interior light to remain on when the refrigerator door is closed. LG denies it did anything wrong. The Court has not decided who is right.

## Who's Included?

You may be included if you own or owned one of the following French Door refrigerators for residential use:

| LG Model Numbers | Kenmore Model Numbers | Serial Number Range and Manufacture Dates |
|---|---|---|
| LFC20740** <br> LFC22740** <br> LFC22760** <br> LFD22860** | 795.7730**** <br> 795.7731**** <br> 795.7724**** <br> 795.7725**** | 602MR******* to 802MR******* <br><br> Feb. 2006 – Feb. 2008 |
| LFC21760** <br> LFC25760** <br> LFD21860** <br> LFD25860** <br> LFX21960** <br> LFX25950** <br> LFX25960** | 795.7756**** <br> 795.7757**** <br> 795.7754**** <br> 795.7755**** <br> 795.7771**** <br> 795.7772**** | 602KR******* to 802KR******* <br><br> Feb. 2006 – Feb. 2008 |
| LRFC22750** <br> LRFD22850** | | All Serial Nos. & <br> Manufacture Dates |

## What Can You Get?

LG has agreed to extend the manufacturer's limited warranty covering the costs of parts and labor for repairs necessitated by the actual manifestation of the light remaining on when the door is closed, and/or reimbursement for payment of certain repairs related to damage from the light remaining on when the door is closed.

## How to Get Reimbursement?

You will need to submit a Claim Form to get any reimbursement. You can submit a Claim Form by mail. The deadline to submit a Claim Form is **Month 00, 2011.**

## Your Other Rights.

If you do nothing, your rights will be affected. If you don't want to be legally bound by the Settlement, you must exclude yourself from the Settlement. The deadline to exclude yourself is **Month 00, 2011.** If you do not exclude yourself you will not be able to sue LG or Sears for any claim relating to the lawsuit. If you stay in the Settlement, you may object to it by **Month 00, 2011.** The Court will hold a hearing on **Month 00, 2011** to consider whether to approve the Settlement and a request for attorneys' fees of up to **$1 million.** You can appear at the hearing, but don't have to. You can hire your own attorney, at your own expense, to represent you at the hearing.

### This is not a product recall.
### This is only a summary. For a copy of the full notice or a claim form:
### www.[website address].com or 1-800-000-0000

**EXHIBIT D**
**(Publication Notice)**

Legal Notice

# Notice of Proposed Class Action Settlement
## Connie McLennan, et al. v. LG Electronics USA, Inc.,
### Civil Action No. 2:10-CV-03604 (WJM)(MF)

A Settlement has been reached in a class action lawsuit that claimed certain LG and Kenmore refrigerators contain a defect that causes the interior light to remain on when the refrigerator door is closed. LG denies it did anything wrong. The Court has not decided who is right.

### Who's Included?

You may be included if you own or owned one of the following French Door refrigerators for residential use:

| LG Model Numbers | Kenmore Model Numbers | Serial Number Range and Manufacture Dates |
|---|---|---|
| LFC20740** LFC22740** LFC22760** LFD22860** | 795.7730**** 795.7731**** 795.7724**** 795.7725**** | 602MR******* to 802MR******* Feb. 2006 – Feb. 2008 |
| LFC21760** LFC25760** LFD21860** LFD25860** LFX21960** LFX25950** LFX25960** | 795.7756**** 795.7757**** 795.7754**** 795.7755**** 795.7771**** 795.7772**** | 602KR******* to 802KR******* Feb. 2006 – Feb. 2008 |
| LRFC22750** LRFD22850** | | All Serial Nos. & Manufacture Dates |

### What Can You Get?

LG has agreed to extend the manufacturer's limited warranty covering the costs of parts and labor for repairs necessitated by the actual manifestation of the light remaining on when the door is closed, and/or reimbursement for payment of certain repairs related to damage from the light remaining on when the door is closed.

### How to Get Reimbursement?

You will need to submit a Claim Form to get any reimbursement. You can submit a Claim Form by mail. The deadline to submit a Claim Form is **Month 00, 2011.**

### Your Other Rights.

If you do nothing, your rights will be affected. If you don't want to be legally bound by the Settlement, you must exclude yourself from the Settlement. The deadline to exclude yourself is **Month 00, 2011.** If you do not exclude yourself you will not be able to sue LG or Sears for any claim relating to the lawsuit. If you stay in the Settlement, you may object to it by **Month 00, 2011.** The Court will hold a hearing on **Month 00, 2011** to consider whether to approve the Settlement and a request for attorneys' fees of up to $1 million. You can appear at the hearing, but don't have to. You can hire your own attorney, at your own expense, to represent you at the hearing.

## This is not a product recall.
## This is only a summary. For a copy of the full notice or a claim form:
## www.[website address].com or 1-800-000-0000

**EXHIBIT E**
**(Claim Form)**

☐

# CLAIM FORM

*Connie McLennan, et al. v. LG Electronics USA, Inc.*
Civil Action No. 2:10-cv-03604 (WJM)

| FOR OFFICIAL USE ONLY |
| --- |
| 01 |

☐

☐ **Check this box and provide your current name and address if the pre-printed address to the left is incorrect or out of date, OR there is no pre-printed data to the left.**

|||||‖||‖|||‖|||||‖||||‖|‖|-000
* 0 1 2 3 4 5 6 7 8 9 *
NAME
ADDRESS
CITY STATE ZIPCODE

Name: _____

Address: _____

City: _____

State: __ __    Zip Code: __ __ __ __ __

## PART I: INSTRUCTIONS

If you are an eligible Class Member and wish to receive a reimbursement for a Qualifying Repair (defined below), you must complete and return this claim form, along with a legible copy of a receipt showing the amount paid for parts and labor for the Qualifying Repair, postmarked or received by [DATE] to the following address:

Administrator's Name
PO Box XXXX
Faribault, MN 55021-XXXX

If you do not have a receipt, but LGEUS or Sears has a record of your Qualifying Repair and the amount you paid for it, those records will be sufficient to establish that you paid for a Qualifying Repair.

## PART II: CLAIM INFORMATION

Answer the following questions concerning the Refrigerator and the Qualifying Repair (i.e., a repair necessitated by the interior light of the Refrigerator remaining on when the door is closed, incurred before [DATE]) for which reimbursement is sought. The amount you are eligible to receive will depend on the information you submit with this claim form.

| | | |
|---|---|---|
| 1. | Refrigerator Model Number *(may be found on the label inside the Refrigerator)*: | |
| 2. | Refrigerator Serial Number *(may be found on the label inside the Refrigerator)*: | |
| 3. | Date you received or purchased your Refrigerator: | __ __ / __ __ / __ __ __ __ |
| 4. | Date of the Qualifying Repair: | __ __ / __ __ / __ __ __ __ |
| 5. | Amount paid for parts and labor for Qualifying Repair: | $ __ __ __ . __ __ |
| 6. | Amount of partial refund for Qualifying Repair costs received (if any): | $ __ __ __ . __ __ |

## PART III: DECLARATION

I am a member of the Class in this lawsuit.  The information contained in Part II above is true and complete.  I attach hereto a true, complete and legible receipt showing the amount paid for parts and labor for the Qualifying Repair.  If I have not attached such a receipt, then I intend to rely on LGEUS or Sears records to the extent LGEUS or Sears records that will be sufficient to establish that I paid for a Qualifying Repair. I have not been reimbursed for any of the expenses identified in Part II above, except as indicated in Part II, Question 6.  I have not received either a full or partial refund of the purchase price of the Refrigerator or a free exchange of a Refrigerator for a new Refrigerator of any model.

I declare under penalty of perjury that the foregoing is true and correct.

Signature: _____    Date: __ __ / __ __ / __ __ __ __





# EXHIBIT F
## (Stipulated Undertaking)

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| CONNIE MCLENNAN, VIRGINIA ZONTOK, and CARYL FARRELL, on behalf of themselves and all others similarly situated,<br><br>          Plaintiffs,<br><br>    v.<br><br>LG ELECTRONICS USA, INC.,<br><br>          Defendant. | Hon. William J. Martini, U.S.D.J.<br><br>Civil Action No. 10-CV-03604 (WJM) (MF)<br><br>**STIPULATION AND ORDER REGARDING UNDERTAKING RE: ATTORNEYS' FEES AND COSTS AND CLASS REPRESENTATIVE STIPENDS**_____ |

Plaintiffs Connie McLennan, Virginia Zontok, and Caryl Farrell and Defendant LG Electronics USA, Inc. ("the Parties"), by and through their undersigned counsel stipulate and agree as follows:

WHEREAS, Class Counsel (as defined in the underlying Settlement Agreement) and their respective law firms desire to give an undertaking (the "Undertaking") for repayment of their award of attorney fees and costs, as well as their repayment of any stipend that the Court awards to Class Representatives (the "Stipends"), as is required by the Settlement Agreement and approved by the Court,

WHEREAS, the Parties agree that this Undertaking is in the interests of all Parties and in service of judicial economy and efficiency,

NOW, THEREFORE, each of the undersigned Class Counsel, on behalf of themselves as individuals and as agents for their respective law firms, hereby submit themselves and their respective law firms to the jurisdiction of the Court for the purpose of enforcing the provisions of this Undertaking.

Capitalized terms used herein without definition have the meanings given to them in the Settlement Agreement.

The obligations of Class Counsel and their respective law firms are joint and several.

LG Electronics USA, Inc. (hereinafter "LGEUS") will pay Class Counsel the full amount of the attorney fees and costs provided in the Settlement Agreement and approved by the Court within ten (10) business days of the Final Judgment.

LGEUS will pay to the Class Representatives the full amount of the Stipends provided in the Settlement Agreement and approved by the Court within ten (10) business days of the Final Judgment.

In the event that the Final Judgment is reversed or modified on appeal, in whole or in part, Class Counsel shall repay to LGEUS the full amount of the attorney fees and costs paid by LGEUS to Class Counsel and the Stipends paid to the Class Representatives, including any accrued interest, within ten (10) business days after the order reversing or modifying the Final Judgment, in whole or in part, becomes final.

In the event the Final Judgment is not reversed on appeal, in whole or in part, but the attorney fees and costs or the Stipends awarded by the Court are vacated or modified on appeal, Class Counsel shall repay to LGEUS the attorney fees and costs and/or the Stipends paid by LGEUS to Class Counsel and/or Class Representatives in the amount vacated or modified, including any accrued interest, within ten (10) business days after the order vacating or modifying the award of attorney fees and costs or the Stipends becomes final.

This Undertaking and all obligations set forth herein shall expire upon finality of all direct appeals of the Final Judgment.

In the event Class Counsel fails to repay to LGEUS any of attorneys fees and costs and/or

Stipends that are owed to it pursuant to this Undertaking, the Court shall, upon application of LGEUS and notice to Class Counsel, summarily issue orders, including but not limited to judgments and attachment orders against each Class Counsel, and may make appropriate findings for sanctions for contempt of court.

The undersigned stipulate, warrant and represent that they have both actual and apparent authority to enter into this stipulation, agreement and undertaking on behalf of their respective law firms or organizations.

This Undertaking may be executed in one or more counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument. Signatures by facsimile shall be as effective as original signatures.

The undersigned declare under penalty of perjury under the laws of the State of New Jersey and the United States that they have read and understand the foregoing and that it is true and correct.

IT IS SO STIPULATED THROUGH COUNSEL OF RECORD:


Dated: Sept. 5, 2011          JONATHAN D. SELBIN
                              LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP


                              *Jonathan D. Selbin* (by KLS with permission)
                              By: Jonathan D. Selbin
                              For himself and on behalf of LIEFF, CABRASER,
                              HEIMANN & BERNSTEIN, LLP


Dated: Sept. 7, 2011          JAMES E. CECCHI
                              CARELLA, BYRNE, CECCHI, OLSTEIN, BRODY &
                              AGNELLO LLP


                                      3

By:  James E. Cecchi
For himself and on behalf of CARELLA, BYRNE,
CECCHI, OLSTEIN, BRODY & AGNELLO, P.C

Dated:_____       PAUL R. KIESEL
                                  KIESEL, BOUCHER, & LARSON LLP


                                  _____
                                  By:  Paul R. Kiesel
                                  For himself and on behalf of KIESEL, BOUCHER, &
                                  LARSON LLP

*Class Counsel*


Dated:_____
                                  _____
                                  LG ELECTRONICS USA, INC.


                                  _____
                                  By: _____
                                  For himself and on behalf of LG ELECTRONICS USA,
                                  INC.


Dated:_____       BRIAN O'DONNELL
                                  RIKER DANZIG SCHERER HYLAND & PERRETTI
                                  LLP


                                  _____
                                  By:  Brian O'Donnell
                                  For himself and on behalf of LG ELECTRONICS USA,
                                  INC. and RIKER DANZIG SCHERER HYLAND &
                                  PERRETTI LLP

*Counsel for Defendant*

4

By:  James E. Cecchi
For himself and on behalf of CARELLA, BYRNE,
CECCHI, OLSTEIN, BRODY & AGNELLO, P.C

Dated: 9-2-2011

PAUL R. KIESEL
KIESEL, BOUCHER, & LARSON LLP

By:  Paul R. Kiesel
For himself and on behalf of KIESEL, BOUCHER, &
LARSON LLP

*Class Counsel*

Dated:_____

LG ELECTRONICS USA, INC.

By: _____
For himself and on behalf of LG ELECTRONICS USA,
INC.

Dated:_____

BRIAN O'DONNELL
RIKER DANZIG SCHERER HYLAND & PERRETTI
LLP

By:  Brian O'Donnell
For himself and on behalf of LG ELECTRONICS USA,
INC. and RIKER DANZIG SCHERER HYLAND &
PERRETTI LLP

*Counsel for Defendant*

4

_____
By:  James E. Cecchi
For himself and on behalf of CARELLA, BYRNE,
CECCHI, OLSTEIN, BRODY & AGNELLO, P.C

Dated:_____          PAUL R. KIESEL
                               KIESEL, BOUCHER, & LARSON LLP

_____
By:  Paul R. Kiesel
For himself and on behalf of KIESEL, BOUCHER, &
LARSON LLP

*Class Counsel*

Dated: September 7, 2011       _____
                               LG ELECTRONICS USA, INC.

_____
By:  Richard C. Wingate
For himself and on behalf of LG ELECTRONICS USA,
INC.

Dated:_____          BRIAN O'DONNELL
                               RIKER DANZIG SCHERER HYLAND & PERRETTI
                               LLP

_____
By:  Brian O'Donnell
For himself and on behalf of LG ELECTRONICS USA,
INC. and RIKER DANZIG SCHERER HYLAND &
PERRETTI LLP

*Counsel for Defendant*

4

By:  James E. Cecchi
For himself and on behalf of CARELLA, BYRNE,
CECCHI, OLSTEIN, BRODY & AGNELLO, P.C

Dated:_____

PAUL R. KIESEL
KIESEL, BOUCHER, & LARSON LLP

By:  Paul R. Kiesel
For himself and on behalf of KIESEL, BOUCHER, &
LARSON LLP

*Class Counsel*

Dated:_____

LG ELECTRONICS USA, INC.

By:  _____
For himself and on behalf of LG ELECTRONICS USA,
INC.

Dated:_____

BRIAN O'DONNELL
RIKER DANZIG SCHERER HYLAND & PERRETTI
LLP

By:  Brian O'Donnell
For himself and on behalf of LG ELECTRONICS USA,
INC. and RIKER DANZIG SCHERER HYLAND &
PERRETTI LLP

*Counsel for Defendant*

## **ORDER**

The Court has considered the above Stipulation and finds that it is in the interests of all

Parties and in service of judicial economy and efficiency.  Therefore,

IT IS SO ORDERED this ____ day of _____, 2011.

_____
HON. WILLIAM J. MARTINI
UNITED STATES DISTRICT COURT

4159162