# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| CONNIE MCLENNAN, VIRGINIA ZONTOK, CARYL FARRELL, on behalf of themselves and all others similarly situated,<br><br>                              Plaintiffs,<br><br>v<br><br>LG ELECTRONICS USA, INC.<br><br>                              Defendant | Case No. 10-cv-3604-WJM-MF |

### DECLARATION OF JONATHAN D. SELBIN IN SUPPORT OF PLAINTIFFS' UNOPPOSED MOTION FOR FINAL APPROVAL OF SETTLEMENT AND APPROVAL OF ATTORNEYS' FEES, COSTS, AND INCENTIVE AWARDS ("SELBIN II")

I, JONATHAN D. SELBIN, declare as follows:

1. I am a partner with the law firm of Lieff, Cabraser, Heimann & Bernstein, LLP ("LCHB"), counsel of record for Plaintiffs in this matter. I am a member in good standing of the bars of the State of New York, the State of California, and the District of Columbia. I respectfully submit this declaration in support of Plaintiffs' Unopposed Motion for Final Approval of Settlement and Approval of Attorneys' Fees, Costs, and Incentive Awards. Except as otherwise noted, I have personal knowledge of the facts set forth in this declaration, and could testify competently to them if called upon to do so.

2. Kristen Law Sagafi, the partner at LCHB with primary day to day responsibility for the instant litigation, is currently on maternity leave. I have, however, overseen Ms. Sagafi's work throughout this case, and, as head of the firm practice group in which it was handled, have ultimate responsibility for it.

954217.1

3. LCHB has been involved in all phases of this case since its inception, from the initial investigation of user complaints through the present.

4. As fully explained in my Declaration in Support of Plaintiffs' Motion for Attorneys' Fees, I have extensive experience litigating consumer and product defect cases. As is my practice in all cases, in negotiating the Settlement in this case, the Parties reached agreement on all material terms through arms-length negotiations prior to commencing negotiation of Class Counsel's attorneys' fees and costs, or the Class Representatives' incentive awards.

5. In my experience and opinion, continued litigation would have been both expensive and time-consuming. Discovery alone likely would have cost hundreds of thousands of dollars, given the presence of witnesses in Korea and documents in Korean. Additionally, because the claims in this case encompass failures in more than a dozen models of refrigerators, Plaintiffs likely would have required extensive (and costly) analysis from experts to frame and establish LGEUS' wrongdoing on a classwide basis.

6. I believe strongly in the merits of Plaintiffs' claims. Success at trial, however, can never be guaranteed. In my opinion, the risks and delays inherent in taking the case to trial (and appeal), viewed against the certainty of the substantial benefits of the Settlement, weigh heavily in favor of final approval. This is particularly so because of the outstanding result reached for the Class; even successful litigation may well have resulted in no more relief than Class members will receive through the Settlement.

Executed this 20th day of December, 2011, at New York, NY.

_____
Jonathan D. Selbin