IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| CONNIE MCLENNAN, VIRGINIA ZONTOK, CARYL FARRELL, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>LG ELECTRONICS USA, INC.<br><br>Defendant. | Case No. 10-cv-3604-WJM-MF |

### FINAL APPROVAL ORDER AND JUDGMENT

WHEREAS, a class action is pending in this Court entitled *McLennan, et al. v. LG Electronics USA, Inc.*, Case No. 10-cv-3604-WJM-MF (the "Action");

WHEREAS, the Plaintiffs and LG Electronics USA, Inc. ("LGEUS") entered into a Settlement Agreement which was lodged with the Court on September 9, 2011 (the "Settlement");

WHEREAS, on October 7, 2011 this Court reviewed and gave its preliminary approval to the Settlement, preliminarily certified a Rule 23 settlement class and appointed Class Counsel;

WHEREAS, LGEUS, through the Settlement Administrator, fully executed the notice program set forth in the Settlement and ordered by the Court;

WHEREAS, the parties have presented the Settlement for Final Approval;

WHEREAS, on January 17, 2012, this Court held a hearing to determine whether the proposed Settlement should be approved as Final;

WHEREAS, __6__ objections were filed with respect to the proposed Settlement, and __0__ Settlement Class Members appeared at the hearing to contest the Settlement; and

WHEREAS, this Court is otherwise familiar with the legal and factual issues in this matter;

NOW, THEREFORE, based on its review of the Settlement and familiarity with all of the files, records, and proceedings herein, the Court concludes that: (1) the Settlement was reached after arm's length negotiations by the Parties and is not the result of collusion; (2) the settlement Class satisfies the requirements of Rule 23(a) and Rule 23(b)(3) for the purposes of Final Judgment; (3) the Settlement appears fair, reasonable, and adequate, and is approved, and; (4) the application of Class Counsel for attorneys' fees, reimbursement of costs, and the incentive awards to the settlement class representatives is approved.

IT IS HEREBY ORDERED THAT:

1. This Final Approval Order and Judgment incorporates and makes part hereof the Settlement Agreement and all Exhibits thereto.

2. The Court has personal jurisdiction over all Settlement Class Members and LGEUS, and the Court has subject matter jurisdiction to approve the Settlement Agreement and all Exhibits thereto.

3. Based upon the record before the Court, including all submissions in support of the Settlement set forth in the Settlement Agreement, objections and responses thereto, as well as the Settlement Agreement itself, the Court hereby certifies the following nationwide class (the "Settlement Class") for settlement purposes only:

> All end user consumer residents of the United States who currently own or owned one or more of the following LGEUS-manufactured Refrigerators consisting of the LGEUS-branded (the "LG Models") or Kenmore-branded (the "Kenmore Models")

refrigerators that are identified on <u>Exhibit A</u> to the Settlement Agreement (collectively, the "Refrigerators").

Excluded from membership in the Class are the following: (a) LGEUS or its affiliates; (b) Sears, Roebuck and Co. or its affiliates ("Sears"); (c) retailers, wholesalers, and other middlemen who purchased a Refrigerator for commercial use or resale; (d) persons who timely and validly exclude themselves from the Class; (e) state and federal governmental entities; and (f) the judge to whom this case is assigned and any member of the judge's immediate family.

4. In so holding, the Court finds that the prerequisites of Fed. R. Civ. P. 23(a) and (b)(3) have been satisfied for certification of the nationwide Settlement Class for settlement purposes because:

    a. Settlement Class Members, numbering in the thousands, are so numerous that joinder of all members is impracticable;

    b. there are questions of law and fact common to the Settlement Class;

    c. the claims and defenses of the Class Representatives are typical of the claims and defenses of the Settlement Class Members they represent;

    d. the Class Representatives have fairly and adequately protected the interests of the Settlement Class with regard to the claims of the Settlement Class they represent;

    e. common questions of law and fact predominate over questions affecting only individual Settlement Class Members, rendering the Settlement Class sufficiently cohesive to warrant a nationwide class settlement and;

    f. certification of the Settlement Class is superior to individual litigation and/or settlement as a method for the fair and efficient resolution of this matter.

5.  In making all of the foregoing findings, the Court has exercised its discretion in certifying the Settlement Class, based, *inter alia*, upon the Court's familiarity with the claims and parties in this case, the interests of the various constituent groups, and the negotiation process.

6.  The Settlement Agreement and proposed Settlement were reached after arm's-length negotiations by the Parties. The Settlement Agreement and the proposed Settlement are fair, reasonable, and adequate; consistent and in compliance with all applicable requirements of the Federal Rules of Civil Procedure, the United States Code and United States Constitution (including the Due Process Clause), and any other applicable law; and in the best interests of all Parties and the Settlement Class Members. The Settlement is hereby approved.

7.  The Court finds that in negotiating, entering into, and implementing the Settlement, the Plaintiffs and the Class Counsel have fairly and adequately represented and protected the interests of all of the Settlement Class Members.

8.  The notice methodology implemented pursuant to the Settlement Agreement:

    a.  constituted the best practicable notice;

    b.  constituted notice that was concise, clear and in plain, easily understood language and was reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Action, the claims, issues and defenses of the Settlement Class, the definition of the Settlement Class certified, their right to be excluded from the Settlement Class, their right to object to the proposed Settlement, their right to appear at the Final Approval Hearing (through counsel if desired), and the binding effect of a judgment on Settlement Class Members;

   c. was reasonable and constituted due, adequate, and sufficient notice to all persons entitled to receive notice and;

   d. met all applicable requirements of the Federal Rules of Civil Procedure, the United States Code, the United States Constitution (including the Due Process Clause), and any other applicable law.

  9. The terms of the Settlement Agreement and this Final Approval Order and Judgment are binding on the Plaintiffs and all other Settlement Class Members, as well as their heirs, executors and administrators, successors and assigns.

  10. To the extent that any objections have been filed, the Court has considered all of the objections carefully and finds that they lack merit. They are hereby overruled.

  11. The terms of the Settlement Agreement and this Final Approval Order and Judgment shall be res judicata and have collateral estoppel effect on any and all claims under state or federal law that were and/or could have been predicated on any of the allegations and/or claims presented in this Action.[1]

  12. The Parties and their counsel are ordered to implement and to consummate the Settlement Agreement according to its terms and provisions.

  13. All claims against LGEUS in this case are hereby dismissed on the merits and with prejudice, without fees or costs to any party except as provided below.

---

[1] In other words, this settlement shall have the maximum preclusive effect allowed by law and/or equity to bar all claims for relief, causes of action, suits, petitions, demands in law or equity, or any allegations of liability, damages, debts, contracts, agreements, obligations, promises, attorneys' fees, costs, interests, or expenses which are based on or in any way related to any and all claims for relief, causes of action, suits, petitions, demands in law or equity, or any allegations of liability, damages, debts, contracts, agreements, obligations, promises, attorneys' fees, costs, interest, or expenses which were asserted in the Action or any other claims under state or federal law that could have been predicated on any of the allegations, claims, and/or theories presented in the Action.

14. The releases set forth in paragraph 12 of the Settlement Agreement are incorporated by reference.[2] These releases are effective as of the date the Final Approval Order becomes Final.

15. The Parties are authorized, without further approval from the Court, to agree to and to adopt such amendments, modifications and expansions of the Settlement Agreement and all exhibits attached hereto provided that they: (a) are consistent with the Final Approval Order and Judgment and; (b) do not limit the rights of Settlement Class Members under the Settlement Agreement.

16. Reimbursement checks issued to Settlement Class Members pursuant to the Settlement Agreement shall remain negotiable for 120 days from the date of mailing. Funds represented by such checks that go uncashed for 120 days shall remain the property of LGEUS.

17. The Court hereby grants Class Counsel's request for an award of reasonable attorneys' fees and costs in the total amount of $1,000,000.00, and an Incentive Award for the Class Representatives in the amount of $1,000.00 for each Class Representative to be paid by LGEUS.

18. Nothing in this Final Approval Order and Judgment, the Settlement Agreement, or any documents or statements related thereto, is or shall be deemed or construed to be an admission or evidence of any violation of any statute or law or of any liability or wrongdoing by LGEUS, and it shall not be offered in evidence in this or any other proceeding except to consummate or enforce the Settlement or the terms of this Order.

---

[2] This release is executed on behalf of not only the Plaintiffs and Settlement Class members, but also their respective agents, heirs, executors, administrators, successors, assigns, guardians, and representatives.

19. In the event that the Settlement does not become effective according to the terms of the Settlement Agreement, this Final Approval Order and Judgment shall be rendered null and void as provided by the Settlement Agreement.[3]

20. No Settlement Class Member, either directly, representatively, or in any other capacity (other than a Settlement Class Member who validly and timely submitted a valid Request for Exclusion), shall commence, continue, or prosecute any action or proceeding against LGEUS in any court or tribunal asserting any of the Released Claims defined in the Settlement Agreement, and are hereby permanently enjoined from so proceeding.

21. Without affecting the finality of the Final Approval Order and Judgment, the Court shall retain continuing jurisdiction over the Action, the Parties, the Settlement Class, and the administration and enforcement of the Settlement. Any disputes or controversies arising with respect to the enforcement or implementation of the Settlement shall be presented by motion to the Court, provided, however, that nothing in this paragraph shall restrict the ability of the Parties to exercise their rights under paragraphs 13 and 14 of this Order and Judgment.

22. There being no just reason to delay, the Clerk is directed to enter this Final Approval Order and Judgment forthwith.

**IT IS SO ORDERED.**

Dated: 3/2/12

The Honorable William J. Martini

---

[3] Alternatively, this Order and Judgment shall be deemed vacated. In either event, all orders entered and delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Settlement Agreement

953105.1

- 7 -